504     APPELLATE COURTS OF ILLINOIS.

VOL. 83.] Booksellers & Stationers' M. S. L. & B. Ass'n v. Swartwout.

---

## Booksellers and Stationers' M. S. L. and B. Ass'n v. Florence A. Swartwout.

1. INSTRUCTIONS—*Where They Should be Accurate.*—Where the evidence is conflicting it is important that the instructions to the jury should be accurate.

Assumpsit, to recover the amount due upon withdrawal of ten shares of stock. Trial in the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed June 22, 1899.

Statement.—Appellee brought this suit against appellant in assumpsit to recover the amount due upon withdrawal of ten shares of stock of the appellant association. The only defense presented was that appellee had already received the amount due upon such withdrawal. Appellee made the investment in the shares of stock through one F. M. Sherman, who was secretary of the appellant association. Sherman, professing to act as authorized agent of appellee, withdrew the amount due upon these ten shares of stock on December 4th and 17th, 1894. The only controverted issues of fact were as to the authority of Sherman to act for appellee in thus withdrawing her interest in the association and receiving the moneys therefor, and as to a subsequent ratification by appellee of the acts of Sherman in this behalf. A letter was introduced in evidence, written by appellee to Sherman, upon which the authority to act for her is predicated. It appeared that appellee never surrendered to Sherman or to the association the certificate of the ten shares of stock. Upon the issues of fact

presented, the jury found for the appellee, plaintiff below, and returned a verdict in her favor for the withdrawal value of the stock. From judgment upon such verdict this appeal is prosecuted.

MONK & ELLIOTT, attorneys for appellant.

EDWARD J. PHILLIPS, attorney for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

But two questions of fact were submitted to the determination of the jury in the trial in the Circuit Court, viz.: Did appellee authorize Sherman to act for her in withdrawing the value of the ten shares of stock, and if not, did appellee, after Sherman had withdrawn the shares and received the amounts due thereon, with knowledge of his acts, ratify them?

In disposing of this appeal we need to consider but one of the errors assigned, viz., the giving of one instruction. The instruction in question is as follows:

" If from a consideration of the evidence you believe that the plaintiff did not authorize Frank M. Sherman to withdraw said money, or if from such consideration of the evidence you believe that the plaintiff, with full knowledge of the fact that said Sherman had withdrawn said money from said association (if from the evidence you believe she had such knowledge), did not ratify his action in that respect by taking the personal note of said Sherman for the payment of said money so withdrawn from said association by him (if from the evidence you believe such an act was such ratification) or otherwise, then your verdict should be for the plaintiff."

This instruction is bad. In order to permit a recovery by appellee, it was necessary that the jury should find, not only that there was in fact no authority given to Sherman to act for her, but as well that she did not, with full knowledge of his acts, ratify them. The instruction in effect directs the jury that a recovery might he had if there was a lack of authority to act, irrespective of any subse quent ratification, and equally, that a recovery was per-

mitted if there were no subsequent acts of ratification irrespective of an original authority to act. The instruction is also faulty, in that it submits to the jury a question as to whether the taking of the note would constitute a ratification.

The evidence is conflicting. We can not say, after a careful examination of it all, that it is so conclusive in favor of either litigant as to warrant a trial court in directing a verdict. Therefore it was proper that the issues of fact be submitted to a jury; and therefore, too, it was important that the instructions to the jury should be accurate. For the error in the giving of this instruction, the judgment is reversed and the cause is remanded.